■    WILLIAM J. SULLIVAN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 40602.) — MEMORANDUM BY THE COURT.   On March 27, 1962 the State appropriated premises known as 194 State Street for use in the construction of the South Mall project.   The property had a frontage of 22.31 feet on State Street and a depth of 100 feet and was improved by a brick building consisting of a basement and three floors which occupied the entire width of the lot and extended in depth 63 feet leaving a vacant rear area of 37 feet for parking purposes.   Claimant purchased the premises in 1953 for the sum of $12,800.   The building was then 50 years old.   In the intervening years, principally in 1954, alterations and improvements costing $31,797.41 were made to the structure bringing the total investment to $44,597.   For practically the entire period of ownership the main floor housed claimant's law firm, the second floor was leased to public agencies and alterations made to the third floor provided two apartments one of which was occupied by a tenant and the other reserved by claimant for his own use.   Concededly, these purposes constituted the highest and best use of the property.   Employing reproduction cost less depreciation and capitalization of income approaches — he found no neighborhood property which would warrant the use of the comparable sales method of valuation — claimant's appraiser found the market value of the property on the appropriation date to be $73,000 of which sum he allocated $29,500 to land value.   The State produced two expert witnesses, one of whom found a land value of $21,950 based on two vicinity sales and a total property value of $53,000 by the composite use of all three methods of valuation, the other of whom relying on the income approach arrived at the figure of $52,000 as the fair value of claimant's property.   The trial court accepted the land value of the State's expert, considered all three theories of determining value "in like manner as a willing buyer would have done" and fixed the market value of the property at $60,000.   From a judgment entered in this amount claimant appeals asserting inadequacy.   Essentially his contention is that the testimony and opinions of the State's witnesses were so fraught with error and speculation as to be of little, if any, probative value and that "The uncontradicted and undisturbed testimony of the claimant and his expert, Mr. Murphy, is entitled to the greatest weight."   The decision thus, he argues, "is contrary to and against the substantial and credible evidence."   There was no compulsion that the court accept the views of claimant's expert that the appropriated premises would have had an economic life of 40 years with stabilized rents and expenses and defaults and vacancies not exceeding 2% of the rent roll or necessarily agree with his calculation of reproduction cost, appraisal of land value and factors depreciating the income from the building

upon which his capitalized figure was based. The value fixed by the trial court is within the range of the expert testimony and, in our judgment, is neither without support in the record nor against the weight of the evidence. We find no merit in appellant's additional contentions. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.